NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| OLD BRIDGE TOWNSHIP RACEWAY PARK, INC.<br><br>             Plaintiff,<br><br>v.<br><br>THE TOWNSHIP OF OLD BRIDGE ZONING BOARD OF ADJUSTMENT, et al.,<br><br>             Defendants. | Civ. No. 13-05219<br><br>OPINION |

THOMPSON, U.S.D.J.

## I. INTRODUCTION

This matter arises upon Plaintiff Old Bridge Township Raceway Park, Inc.'s ("Plaintiff") Motion to Remand. (Docket No. 6). Defendant Dayalbagh Radhasoami Satsang Association of North America ("DRSANA") opposes Plaintiff's Motion to Remand. (Docket Nos. 8, 12). The Court has decided the matter upon consideration of the parties' written submissions and without oral argument, pursuant to Federal Rule of Civil Procedure 78(b). For the reasons given below, Plaintiff's Motion to Remand is granted.

## II. BACKGROUND

On July 31, 2012, Plaintiff filed a one-count Complaint in Lieu of Prerogative Writ in Superior Court of New Jersey, Middlesex County seeking to reverse a decision by the Township of Old Bridge Zoning Board of Adjustment ("Zoning Board") which allowed DRSANA to commence construction of a worship center. (Docket No. 8, 3). The Zoning Board and DRSANA are named as Defendants in Plaintiff's suit. (*Id.*). Raceway Park alleges that

1

DRSANA failed to meet the statutory requirements under New Jersey's Municipal Land Use Law, N.J.S.A. 40:55D-70(d). (Docket No. 1, Ex. A, ¶¶ 2, 3, 5, 10, 13).

On August 1, 2013, Plaintiff filed an "Amendment to Complaint in Lieu of Prerogative Writ" in the Superior Court. (*Id*.). In the Amended Complaint, Plaintiff challenged the Zoning Board's actions relating to DRSANA as "contrary to law" and "arbitrary, capricious and unreasonable." (*Id*.).

On August 30, 2013, DRSANA gave Notice of Removal to this Court. (Docket No. 1). DRSANA based removal on federal question jurisdiction pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction pursuant to 28 U.S.C. § 1367. (*Id*. at ¶¶ 7, 8).

### III. ANALYSIS

A defendant may remove a civil action filed in state court to a federal court where the action might originally have been brought. 28 U.S.C. §§ 1441(a), (b). The federal court to which the action is removed must have original subject matter jurisdiction over the case. 28 U.S.C. § 1441(b). Federal district courts have subject matter jurisdiction over civil actions that involve a federal question or diversity of citizenship. 28 U.S.C. §§ 1331, 1332. Here, DRSANA claims this Court has subject matter jurisdiction pursuant to the federal question statute.

Federal question jurisdiction exists when the action arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. This Court does not have original subject-matter jurisdiction over this action pursuant to federal question jurisdiction. The action involves a zoning dispute governed by New Jersey State Law. Plaintiff challenges the Zoning Body's decisions under N.J.S.A. 40:55D-70(c) and N.J.S.A. 40:55F-70(d). (Docket No. 1). This zoning dispute does not involve a federal question.

In opposition to Plaintiff's Motion to Remand, DRSANA argues that supplemental jurisdiction can serve as the vehicle for removal of the current action to federal court. U.S.C. § 1367 states the following:

> "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."

The plain meaning of the statute indicates that claims, and not actions, may be added to existing actions over which the federal court has original jurisdiction. Supplemental jurisdiction cannot serve as a basis for bootstrapping Plaintiff's action to the previous action between DRSANA and the Zoning Board. *See Ahearn v. Charter Township of Bloomfield,* 100 F.3d 451, 456 (6th Cir.1996) ("The supplemental jurisdiction statute is not a source of original subject-matter jurisdiction, and a removal petition therefore may not base subject-matter jurisdiction on the supplemental jurisdiction statute.") (citations omitted)); *Flower v. Wachovia Mortgage FSB*, No. C09–343 JF, 2009 WL 975811 at *8 (N.D.Cal. Apr. 10, 2009) ("Ancillary or supplemental jurisdiction is not a source of original jurisdiction and therefore may not serve as the basis for removal."); *Keene v. Auto Owners Ins. Co.,* 78 F.Supp.2d 1270, 1274 (S.D.Ala.1999) (finding that supplemental jurisdiction cannot be used to "bootstrap" an otherwise unremovable case into federal court); *Zewe v. Law Firm of Adams & Reese,* 852 F.Supp. 516, 520 (E.D.La.1993) ("[A] district court does not have supplemental jurisdiction under 28 U.S.C. § 1367 to entertain the merits of claims in state court suit which was removed without original jurisdiction.").

This Court is sympathetic to the fact that DRSANA had a related case in federal court against the Zoning Board, and that at an intuitive level it would make sense to have these two cases proceed in the same court; however, the relationship of these cases is not material to this Court's analysis. *See Flower,* 2009 WL 975811 at *9 ("[T]he relationship between the unlawful

detainer action and the [other] action is immaterial for the purposes of removal jurisdiction."); *see also Ahearn,* 100 F.3d at 456 (requiring original subject matter jurisdiction even if the action the defendant seeks to remove is related to another action already legitimately before a federal district court).

Thus, Plaintiff's Motion to Remand is granted.


*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.

Date: 10/28/13